UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MEDAILLE COLLEGE,

        Plaintiff,

v.

PVS CHEMICALS, INC. and
PVS CHEMICAL SOLUTIONS, INC.,

        Defendants.

**REPLY AFFIDAVIT OF
JOHN G. SCHMIDT JR.**

Civil Action No.:
1:21-cv-662-JLS

---

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF ERIE     )

        John G. Schmidt Jr., Esq., being duly sworn, deposes and says:

        1.     I am an attorney admitted in New York, and a partner with Phillips Lytle LLP, counsel for Plaintiff Medaille College ("Medaille").

        2.     I am familiar with the facts below based on my representation of Medaille, and submit this affidavit to address a couple of points raised in the May 26, 2021 Declaration submitted by counsel to Defendants ("PVS").

        3.     As the Court knows, Medaille moved for an expedited hearing yesterday. PVS does not appear to oppose this motion. Dkt. 15 ¶ 2 (Grable Dec.).

        4.     Instead, PVS opposes what it incorrectly characterizes as Medaille's motion for "an indefinite TRO . . . ." *Id.*

        5.     That characterization ignores the primary intent of Medaille's Motion for an Expedited Hearing—to address the effect of removal on the May 18, 2021 Temporary Restraining Order ("TRO") under Fed. R. Civ. P. 65(b)(2).

1

6. As a result of the removal, absent an extension for good cause pending a briefing schedule, argument, any necessary hearing, and this Court's disposition of Medaille's Motion for a Preliminary Injunction and related relief (Dkt. 12, Exs. 7, 8), the TRO would expire on June 7, 2021.

7. PVS's proposal for a June 7, 2021 argument date on the Motion for Preliminary Injunction ignores this.

8. At the same time, PVS is ignoring the TRO, and the post-TRO cease and desist demands of not only Medaille, but the New York State Department of Environmental Conservation ("DEC"). These demands were prompted by PVS's ongoing excessive sulfur dioxide ("$SO_2$") emissions beyond the limits of its Title V permit, and the TRO. Dkt. 12 (Schmidt aff.), ¶¶ 13, 15, Exs. H, at 3, I, J, K, L, M (the demands, the DEC data showing the excessive emissions, and the TRO).

9. So "bottom line" — PVS wants the TRO it is ignoring to expire.

10. It is difficult to imagine a more compelling reason for an extension pending this Court's determination of the Preliminary Injunction motion.

11. PVS's excessive, ongoing emissions are not merely academic. They caused New York State Department of Health ("NYSDOH") to require Medaille to suspend activities at its Sports Complex. Dkt. 12, Ex. 6 (Macur. aff.) Ex. A (NYSDOH May 15 letter to Medaille).

12. The TRO was designed to remedy this injustice and irreparable harm. And it would be a remedy, if PVS was complying with the TRO.

13. While it ignores the TRO, PVS argues that it is entitled to an undertaking or security for the TRO.

14. This ignores that, even if this Court somehow determines that the TRO was erroneously granted, PVS is not entitled to an undertaking because PVS is not complying with the TRO. To PVS, it is as if the TRO never existed.

15. Moreover, even if PVS were in compliance with the TRO, an undertaking is unwarranted when all that is really necessary is for PVS to comply with its Title V Permit, and resolve its nuisance and other tortious conduct. This would allow Medaille to reopen. An undertaking is unnecessary for being required to do the right thing.

16. The current mechanism to hold PVS accountable — the TRO, while apparently inadequate to bring about lawful behavior, should be maintained until the determination of the pending Preliminary Injunction motion, as requested in Medaille's Motion for an Expedited Hearing. Dkt. 12.

_____
John G. Schmidt Jr.

Sworn to before me this
27th day of May, 2021.

_____
Notary Public

LAURA A. KRYTA
No. 01KR6288575
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 09/09/20 21